IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

AMERICAN NATIONAL INSURANCE
COMPANY,

                Plaintiff,

v.                                       CIVIL ACTION NO.  3:12-8242

JENNINGS BRYAN HEDRICK,
DEBORAH ANN BELFORD, and
SHARON S. DAVIS HUDSPETH,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion by Defendant Jennings Bryan Hedrick to remove this case to the Circuit Court of Putnam County, West Virginia (ECF No. 13). Plaintiff American National Insurance Company ("ANICO") timely filed its response, and the deadline has passed for Defendant to file a reply. Although no reply has been filed, the Court nonetheless is prepared to rule on the motion, and hereby **DENIES** Defendant's motion to remove (ECF No. 13).  Civil actions originally filed in federal court cannot be removed to state court; rather civil actions originally filed in state court can be removed to federal court. *See* 18 U.S.C. § 1446. Plaintiff originally filed this case in federal court, and so removal is not proper. The Court also notes that its jurisdiction is proper pursuant to 28 U.S.C. § 1335(a)[1] and § 1332(a).[2]

---

[1] "The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society . . . having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more . . . if

Also pending is Plaintiff's motion to enjoin Defendants and discharge Plaintiff from further liability (ECF No. 19). Plaintiff has represented in the accompanying memorandum that Defendants do not object to ANICO's dismissal from the case. The Court notes that:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. The Court notes that ANICO claims no interest in proceeds from the annuities in this case, and is a disinterested stakeholder. Therefore, the Court **GRANTS** the motion (ECF No. 19), **ORDERS** that the adverse claimants be enjoined from instituting or prosecuting any other proceedings related to the annuities, and **DISMISSES** Plaintiff ANICO from this action.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 14, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

(1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court . . . ."

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States . . . ."